IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACEY FLETCHER | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | NO. 10-5741 |
| | : | |
| RAYMOND LAWLER, THE DISTRICT | : | |
| ATTORNEY OF THE COUNTY OF | : | |
| LEHIGH, and THE ATTORNEY GENERAL | : | |
| OF PENNSYLVANIA | : | |
|     Respondents. | : | |

DuBOIS, J.                                                                                                   April 4, 2011

**M E M O R A N D U M**

**I.    INTRODUCTION**

On March 29, 1990, a jury in the Court of Common Pleas of Philadelphia County convicted petitioner of first-degree murder, two counts of aggravated assault, criminal conspiracy, and possessing an instrument of crime. *Commonwealth v. Fletcher*, 606 A.2d 1227 (Table), No. 03298 Phila. 1990, slip op. at 2 (Pa. Super. Ct. Dec. 16, 1991). On October 18, 1990, the Honorable William J. Manfredi sentenced petitioner to a term of life imprisonment on the first-degree murder conviction, and to an aggregate concurrent term of five to ten years imprisonment on the remaining convictions. Id. at 2.

Petitioner filed a *pro se* Petition for Habeas Corpus under 28 U.S.C. § 2254 ("the Petition") in this Court on October 29, 2010. On February 22, 2011, Chief United States Magistrate Judge Thomas J. Rueter submitted a Report and Recommendation ("R&R") to the Court, recommending that the petition be dismissed as barred by the one-year statute of limitations.

On March 11, 2011, petitioner filed Objections to Magistrate Report and

Recommendation ("Objections"). For the reason stated below, the Objections to the R&R are overruled, the R&R is approved and adopted, and the Petition is dismissed. A certificate of appealability is not issued.

## II. BACKGROUND AND LEGAL STANDARD

The facts of this case and the applicable legal standard are set forth in detail in the R & R. The Court will not repeat them in this Memorandum except as is necessary to explain its rulings on the Objections.

## III. DISCUSSION

Petitioner raised four grounds for relief in his Petition:

a. Error by the trial court in rejecting his *Batson* challenge;

b. Error by the trial court in allowing a witness not identified on the witness list to testify at trial;

c. Error by the trial court in denying a motion for mistrial; and,

d. Failure of the trial court to grant a new trial on the ground that the verdict was against the weight of the evidence.

The R&R recommended dismissing the Petition as time-barred. In his Objections, petitioner asserts that he is "trying to obtain relief in the form of a [m]iscarriage of justice and will show a colorable claim of actual [i]nnocence also with [n]ewly discovered evidence of actual innocence." (Objections at 1.)[1]

Petitioner appears to be arguing that his Petition was timely filed based upon newly discovered evidence. That argument fails. In his Objections, petitioner contends that he became

---

[1]Petitioner did not argue in his Petition that his habeas claims were supported by newly discovered evidence.

aware of newly discovered evidence relating to his *Batson* challenge on January 18, 2006. 28 U.S.C. § 2244(d)(1)(D) of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one year time limit for filing a habeas corpus petition. Under that provision, the one year limitation period begins to run with respect to a newly discovered evidence claim from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Giving petitioner the benefit of the doubt, and notwithstanding the fact that newly discovered evidence was not raised as a claim in the Petition, under 28 U.S.C. § 2244(d)(1)(D), petitioner would have had one year from January 18, 2006, that is, until January 18, 2007, to file a timely habeas petition, and he did not do so. The pending Petition was filed on October 29, 2010, well after the statute of limitations expired.

Petitioner also purported to assert in the Objections a claim of actual innocence. Although actual innocence is mentioned on page one of the Objections - petitioner states there that he "will show a colorable claim of actual innocence and also with newly discovered evidence of actual innocence" - but there is absolutely no mention of actual innocence at any other point in the Objections. Nevertheless, assuming that petitioner intended to assert actual innocence as a ground for equitable tolling, the Third Circuit has "yet to hold that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence." *Hornig v. Lavan*, 197 Fed. Appx. 90, 93 (3d Cir. 2006) (not precedential). *See also Teagle v. DiGuglielmo*, 336 Fed. Appx. 209, 212 (3d Cir. 2009) (not precedential). Moreover, a claim of actual innocence will permit equitable tolling under the AEDPA only if a petitioner exercises reasonable diligence in pursuing his actual innocence claim. *Hornig*, 197 Fed. Appx. at 94. On this issue, petitioner

3

has failed to show that he exercised reasonable diligence in pursing his claim of actual innocence.

The remainder of the Objections constitute a rehashing of petitioner's *Batson* claim raised in his untimely Petition. The R&R contains a detailed analysis of the AEDPA time-bar with which this Court agrees. All of petitioner's claims for relief in the Petition are barred by reason of the expiration of the AEDPA statute of limitations. Nothing in the Objections establishes that the Petition was timely filed.

## IV. CERTIFICATE OF APPEALABILITY

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition [or motion] alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir.1999); see also 28 U.S.C. § 2253(c)(2) ( "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."). The Court concludes that petitioner has not made such a showing. Thus, the Court will not issue of certificate of appealability.

## V. CONCLUSION

For all of the foregoing reasons, the Court approves and adopts the R&R of Chief United States Magistrate Judge Thomas J. Rueter dated February 22, 201, overrules petitioner's Objections to the R&R, and dismisses the Petition without an evidentiary hearing. A certificate of appealability will not issue.

An appropriate order follows: